**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
JOHN FRANCAN,

Plaintiff,

-against-

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
--------------------------------------------------------------X

**ORDER**

**23-CV-1407 (JGLC) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On February 21, 2023, Plaintiff John Francan ("Francan" or "Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner" or "Defendant"), who denied Plaintiff's application for disability benefits. Dkt. No. 1. Before the Court is a motion for attorney's fees brought by Plaintiff's counsel pursuant to 42 U.S.C. §406(b). Dkt. No. 17. Plaintiff's counsel seeks attorney fees in the sum of $30,620.50, with a direction that upon receipt of these funds, counsel will refund the fees received under the Equal Access to Justice Act ("EAJA") in the amount of $8,154.30, to Plaintiff. Id. The Commissioner does not object to the application, but requests that the Court determine the timeliness of the application as well as the reasonableness of the fees requested in its discretion. See Dkt. No. 20. For the reasons set forth below, Plaintiff's application for attorney's fees is **GRANTED**.

**BACKGROUND**

On March 22, 2021, Plaintiff filed a Title II application for Social Security Disability benefits. Dkt. No. 17-1 at 1. Plaintiff's application was denied initially, and subsequently by an Administrative Law Judge ("ALJ") on March 2, 2022. Dkt. No. 1-1. The Appeals Council granted Plaintiff's request for review and denied the appeal on December 27, 2022. Dkt. No. 17-1 at 2.

Subsequently, Plaintiff retained counsel and filed a complaint in the Southern District of New York on February 21, 2023, commencing the present litigation. Dkt. No. 1. On October 17, 2023, Judge Clarke entered the parties' stipulation to reverse the Commissioner's decision and remand the case for further administrative proceedings. Dkt. No. 13.

Upon remand, on February 19, 2025, an ALJ issued a favorable decision granting Plaintiff's claim in its entirety. Dkt. No. 17-6. On June 14, 2026, the Social Security Administration issued a Letter of Important Information on Plaintiff's Title II claim, indicating that Plaintiff was entitled to $122,482.00 in past-due benefits, and, that $30,620.50 had been withheld to pay attorney's fees. Dkt. No. 17-4. Plaintiff's counsel applied for attorney's fees under the EJEA and was awarded $8,154.30 on November 8, 2023, receiving the funds on November 24, 2023. Dkt. No. 17-1 at 2.

On June 30, 2026, Plaintiff's counsel filed the present Motion and applied for $30,620.50 in attorney's fees with the stipulation that upon receipt of those funds, they would refund the $8,154.30 previously received in EAJA fees to Plaintiff. Dkt.

No. 17. Counsel states that they worked 33.8 hours before this Court, resulting in a reimbursement at a rate of $908.93 per billed hour. Dkt. No. 17-1 at 9–10.

## LEGAL STANDARD

Under the Social Security Act, when an attorney represents a party who receives a favorable judgment from the court, the court may determine and allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

### a. Timeliness for Motion for Attorney's Fees

Federal Rule of Civil Procedure 54(d) governs the timeliness of fee applications under §406(b), prescribing a fourteen-day filing period following "the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B); see Sinkler v. Berryhill, 932 F.3d 83, 87 (2d Cir. 2019). In social security cases involving a judgment that reverses the denial of benefits, the Second Circuit applies an equitable tolling period where "the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation." Sinkler, 932 F.3d at 85.

### b. Reasonableness for Motion for Attorney's Fees

The Supreme Court of the United States has explained that "§ 406(b) does not displace contingent-fee agreements," but "[r]ather, . . . calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Thus, where there is a contractual contingency fee agreement, courts review it pursuant to § 406(b)

and may reduce the fee "only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

In assessing the reasonableness of a request for attorney's fees, courts in this District consider (1) "whether the contingency percentage is within the 25% cap," (2) "whether there has been fraud or overreaching in making the agreement," and (3) "whether the requested amount is so large as to be a windfall to the attorney." Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).

The Second Circuit has set forth four additional factors to be analyzed when determining whether a particular award constitutes a windfall: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do;" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level;" (3) "the satisfaction of the disabled claimant;" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–56.

"When assessing the reasonableness of [a contingency fee payment], a court should also balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated and continue litigating disability benefits cases." Baron v. Astrue, No. 11 Civ. 4262 (JGK), 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (quotation omitted). Therefore, the decision to reduce the amount provided in a contingency fee agreement should not be made

lightly. Id. Lastly, fee awards may be made under both the EAJA and §406(b), but the claimant's attorney must refund the claimant the amount of the smaller fee. See Gisbrecht, 535 U.S. at 796.

## DISCUSSION

### c. Request is Permissible and Timely under § 406(b)

Plaintiff's counsel's request is timely under the circumstances. An application for fees under §406(b) motions must be filed within fourteen days of when the claimant receives notice of the award. In those circumstances, pursuant to Federal Rule of Civil Procedure 6(d), a mailed document is deemed received three days after mailing. See Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail] ... 3 days are added after the period would otherwise expire under Rule 6(a)."); see Sinkler, 932 F.3d at 89 n.5 (applying fourteen-day plus three-day mailing rule in Fed. R. Civ. P. 54(d)(2)(B) to §406(b) motion).

Here, the Social Security Administration issued the Title II Letter of Important Information on June 14, 2026, informing Plaintiff that he was entitled to $122,482.00 in past-due benefits. See Dkt. No. 17-4. Because the letter was sent by mail, the letter was deemed to have been received on June 17, 2026. Accordingly, as the motion is due fourteen days after Plaintiff is notified of the benefits award, the motion was due on July 1, 2026. Plaintiff's counsel filed the present motion on June 30, 2026, before the end of the 14-day filing deadline. See Dkt. No. 17. Therefore, Plaintiff's application for fees was timely.

**d. Fees Requested are Reasonable Pursuant to the Agreement**

Pursuant to § 406(b), contingency fees are capped at 25% of the claimant's past-due benefits and courts must determine whether the resulting fees are "reasonable." Gisbrecht, 535 U.S. at 807; Fields, 24 F.4th at 849. In evaluating the reasonableness of a contingency fee award, a court should determine whether the fee is within the 25% statutory cap, whether there been fraud or overreaching in making the contingency agreement, and whether the fee amount is so large that it constitutes a "windfall" to the attorney. Fields, 24 F.4th at 853.

Applying these standards, the requested fee is reasonable within the meaning of §406(b). The Social Security Administration awarded Plaintiff $122,482.00 in past-due benefits and withheld $30,620.50 for attorney's fees. See Dkt. No. 17-4. Plaintiff's counsel's request for $30,620.50 equals precisely 25% of the total award, and, therefore, does not exceed the statutory maximum. In addition, Plaintiff explicitly "contracted to pay 25% of past-due benefits," and there is no evidence of fraud or overreaching in the creation of the contingency agreement. See Dkt. Nos. 17-1 at 7; 17-7.

Plaintiff's counsel spent 33.8 hours working on Plaintiff's case, which is equivalent to an hourly rate of $908.93 per billed hour. Dkt. No. 17-1 at 10. This hourly rate is comparable to other attorney's fees award in this District. See Ibbetson v. Saul, No. 14 Civ. 7824 (KMK) (JCM), 2019 WL 3208432, at *3 (S.D.N.Y. June 25, 2019), adopted by, 2019 WL 3202998 (July 16, 2019) (approving hourly rate of $838.93); Nieves v. Colvin, No. 13 Civ. 1439 (WHP) (GWG), 2017 WL 6596613, at *2–

3 (S.D.N.Y. Dec. 26, 2017), adopted by, 2018 WL 565720 (Jan. 24, 2018) (approving hourly rate of $1,009.11).

Moreover, an award of attorney's fees would not constitute a windfall to Plaintiff's counsel for several reasons. First, Plaintiff's counsel has represented Plaintiff since February 2023, filing the complaint that commenced this litigation. Dkt. No. 17-2 at ¶ 8. Plaintiff's counsel's advocacy was successful, as this court entered a judgment remanding the matter for further administrative proceedings. See Dkt. No. 14. Following remand, Plaintiff's counsel continued to represent Plaintiff throughout administrative proceedings and hearings, achieving an award of benefits after Plaintiff's application had been denied several times at the agency level.

Second, one of Plaintiff's counsel, Ida Comerford, has extensive experience in the social security field, overseeing and working directly on cases within the appellate department in their firm, including handling "over fifteen hundred hearings" since 2010; serving as Committee Chair in the Erie County Bar Association's Committee for the Disabled; leading internal, educational discussions on legal developments for the firm; becoming partner of the injury and disability law firm in 2021. Dkt. No. 17-2 at ¶¶ 2, 4–6. Based on counsel's experience in the Social Security field and their involvement in Plaintiff's case, his counsel was able to handle the case with far greater efficiency than an inexperienced attorney. Accordingly, Plaintiff's counsel's hourly rate of $908.93 must be viewed within this context. See Torres v. Colvin, No. 11 Civ. 5309 (JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014)

("[T]o reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, not to reward it.").

Third, there is no indication that counsel caused undue delay or that Plaintiff was dissatisfied with the representation. Plaintiff also does not object to counsel's fee request.

Lastly, Plaintiff's counsel undertook the representation despite uncertainty as to whether Plaintiff would ultimately be found disabled as the Commission had given multiple denials and appeals of his claim. There is a risk of loss assumed in taking a case on a contingency basis, and, given that 33.8 hours is within the normal range of hours reasonably expended on a social security case, the fee award is reasonable. See Borus v. Astrue, No. 09 Civ. 4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) ("Although some courts in this circuit find that twenty to forty hours is a reasonable amount of time to spend on routine social security cases, fees have regularly been awarded far in excess of this amount."); see Torres, 2014 WL 909765, at *4 ("[A] substantial body of [social security] caselaw has awarded rates that approach, if they do not exceed, $1,000.00.").

Therefore, after considering the factors for reasonableness, including the windfall factors articulated in Fields, Plaintiff's counsel's fee request is reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**. The Court authorizes attorney's fees in the amount of $30,620.50 pursuant to 42 U.S.C. § 406(b). Upon receipt of the § 406(b) fees, Plaintiff's counsel shall refund to Plaintiff the

$8,154.30 in attorney's fees previously awarded under the Equal Access to Justice Act.

**The Clerk of Court is respectfully requested to close Dkt. No. 17.**

SO ORDERED.

DATED: New York, New York
September 28, 2026

JENNIFER E. WILLIS
United States Magistrate Judge